<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHIRE DEVELOPMENT LLC et al., | : | |
| Plaintiffs, | : | Civil Action No. 14-7053 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| NATCO PHARMA LIMITED, | : | |
| Defendant. | : | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a valid claim for relief by Defendant Natco Pharma Limited ("Natco"). For the reasons stated below, the motion will be denied.

Natco first argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction, asserting that the claims are the subject matter of a covenant not to sue. The problem with this argument is that it depends on a document that is not in the record before this Court. The alleged covenant is not contained within the Amended Complaint, nor attached to it. Natco did not attach it as an exhibit to the motion to dismiss. Natco thus asks this Court to find that a specific document precludes the existence of a case or controversy, without letting the Court see that document.

The Third Circuit has held: "In order to attack the factual basis for jurisdiction, the [movant] was required to submit affidavits or other proof addressing the ground on which federal jurisdiction was invoked." <u>Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police</u>, 920 F.2d 198, 202 (3d Cir. 1990). Natco has failed to do so.

Natco next argues that the Amended Complaint fails to state sufficient facts to make plausible any valid claim. The rationale for this argument, as stated by Natco, is that Natco bases its non-infringement defense on the covenant not to sue, and the Amended Complaint does not plead facts which rebut this defense. Natco provides no authority for the proposition that a complaint must state sufficient facts to rebut the affirmative defenses of the defendants. The Complaint need only plead sufficient facts to make the asserted claims plausible. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Amended Complaint pleads sufficient facts to support an action for patent infringement under 35 U.S.C. § 271(e)(2).

Natco's motion to dismiss the Amended Complaint will be denied.

For the reasons above,

**IT IS** on this 2nd day of June, 2015,

**ORDERED** that Natco's motion to dismiss the Amended Complaint (Docket Entry No. 35) is **DENIED**.

                                                    s/ Stanley R. Chesler
                                                  Stanley R. Chesler, U.S.D.J.